UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
---------------------------------------------------
ERICA P.,

Plaintiff, **DECISION AND ORDER**
1:25-CV-08965-GRJ

v.

COMMISSIONER OF SOCIAL SECURITY,

Defendant.
---------------------------------------------------
GARY R. JONES, United States Magistrate Judge:

In July of 2023, Plaintiff Erica P.[1] applied for Disability Insurance Benefits under the Social Security Act. The Commissioner of Social Security denied the application. Plaintiff, represented by Harold Skovronsky, Esq., commenced this action seeking judicial review of the Commissioner's denial of benefits under 42 U.S.C. §§ 405 (g) and 1383 (c)(3). The parties consented to the jurisdiction of a United States Magistrate Judge. (Docket No. 14).

This case was referred to the undersigned on October 9, 2026. Presently pending is Plaintiff's Motion for Judgment on the Pleadings pursuant to Rule 12 (c) of the Federal Rules of Civil Procedure. (Docket

[1] Plaintiff's name has been partially redacted in compliance with Federal Rule of Civil Procedure 5.2 (c)(2)(B) and the recommendation of the Committee on Court Administration and Case Management of the Judicial Conference of the United States.

No. 8). For the following reasons, Plaintiff's motion is due to be granted, and this case is remanded for further administrative proceedings.

## I. BACKGROUND

### *A. Administrative Proceedings*

Plaintiff applied for benefits on July 5, 2023, alleging disability beginning June 30, 2023. (T at 166-67).[2] Plaintiff's application was denied initially and on reconsideration. She requested a hearing before an Administrative Law Judge ("ALJ").

A hearing was held on December 23, 2024, before ALJ Robert Gonzalez. (T at 38-57). Plaintiff appeared with an attorney and testified. (T at 42-51). The ALJ also received testimony from Michele Erbacher, a vocational expert. (T at 51-56). During the hearing, Plaintiff amended her alleged onset date to May 1, 2023. (T at 42-43).

### *B. ALJ's Decision*

On February 4, 2025, the ALJ issued a decision denying the application for benefits. (T at 7-26). The ALJ found that Plaintiff meets the insured status requirements of the Social Security Act through December 31, 2028, and had not engaged in substantial gainful activity since May 1, 2023 (the amended onset date). (T at 13).

---

[2] Citations to "T" refer to the administrative record transcript at Docket No. 5.

The ALJ concluded that Plaintiff's degenerative disc disease of the lumbar spine, degenerative disc disease of the cervical spine, fibromyalgia, migraine disorder, temporomandibular joint dysfunction (TMJ); carpal tunnel syndrome, cubital tunnel syndrome, hypertension, interstitial cystitis, left shoulder impingement syndrome, obstructive sleep apnea, and obesity were severe impairments as defined under the Act. (T at 13).

However, the ALJ found that Plaintiff did not have an impairment or combination of impairments that met or medically equals one of the listed impairments in 20 CFR Part 403, Subpart P, Appendix 1. (T at 13).

At step four of the sequential analysis the ALJ determined that Plaintiff retained the residual functional capacity ("RFC") to perform light work, as defined in 20 CFR 404.1567 (b), with the following limitations: she can occasionally climb ramps and stairs, balance, stoop, kneel, crouch, and crawl; frequently handle and reach bilaterally; must avoid unprotected heights, working with dangerous machinery, climbing ladders, ropes and scaffolds, and cannot operate a motor vehicle; and is limited to work in areas of moderate noise such as department stores, grocery stores, and areas of light traffic. (T at 15).

The ALJ concluded that Plaintiff could not perform her past relevant work as a police officer. (T at 20).

However, considering Plaintiff's age (51 on the amended alleged onset date), education (at least high school), work experience, and RFC, the ALJ determined that there were jobs that exist in significant numbers in the national economy that Plaintiff can perform. (T at 21-22).

As such, the ALJ found that Plaintiff had not been under a disability, as defined under the Social Security Act, and was not entitled to benefits for the period between May 1, 2023 (the amended alleged onset date) and February 4, 2025 (the date of his decision). (T at 22).

On September 19, 2025, the Appeals Council denied Plaintiff's request for review, making the ALJ's decision the Commissioner's final decision. (T at 1-6).

*C. Procedural History*

Plaintiff commenced this action, by and through her counsel, by filing a Complaint on October 29, 2025. (Docket No. 1). On May 7, 2026, Plaintiff filed a motion for judgment on the pleadings, supported by a memorandum of law. (Docket Nos. 8, 9). The Commissioner on June 15, 2026, interposed a brief in opposition to the motion and requesting judgment on the pleadings. (Docket No. 11).

## II. APPLICABLE LAW

### *A. Standard of Review*

"It is not the function of a reviewing court to decide de novo whether a claimant was disabled." *Melville v. Apfel*, 198 F.3d 45, 52 (2d Cir. 1999). The court's review is limited to "determin[ing] whether there is substantial evidence supporting the Commissioner's decision and whether the Commissioner applied the correct legal standard." *Poupore v. Astrue*, 566 F.3d 303, 305 (2d Cir. 2009) (per curiam).

The reviewing court defers to the Commissioner's factual findings, which are considered conclusive if supported by substantial evidence. *See* 42 U.S.C. § 405(g). "Substantial evidence" is "more than a mere scintilla" and "means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Lamay v. Commissioner of Soc. Sec.*, 562 F.3d 503, 507 (2d Cir. 2009) (internal quotations omitted) (quoting *Richardson v. Perales*, 402 U.S. 389, 401 (1971)).

"In determining whether the agency's findings are supported by substantial evidence, the reviewing court is required to examine the entire record, including contradictory evidence and evidence from which conflicting inferences can be drawn." *Talavera v. Astrue*, 697 F.3d 145, 151 (2d Cir. 2012) (internal quotations omitted).

"When there are gaps in the administrative record or the ALJ has applied an improper legal standard," or when the ALJ's rationale is unclear, remand "for further development of the evidence" or for an explanation of the ALJ's reasoning is warranted. *Pratts v. Chater*, 94 F.3d 34, 39 (2d Cir. 1996).

*B. Five-Step Sequential Evaluation Process*

Under the Social Security Act, a claimant is disabled if he or she lacks the ability "to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death, or which has lasted or can be expected to last for a continuous period of not less than 12 months ...." 42 U.S.C. § 423(d)(1)(A).

A claimant's eligibility for disability benefits is evaluated pursuant to a five-step sequential analysis:

> 1. The Commissioner considers whether the claimant is currently engaged in substantial gainful activity.
>
> 2. If not, the Commissioner considers whether the claimant has a "severe impairment" which limits his or her mental or physical ability to do basic work activities.
>
> 3. If the claimant has a "severe impairment," the Commissioner must ask whether, based solely on medical evidence, claimant has an impairment listed in Appendix 1 of the regulations. If the claimant has one of these enumerated impairments, the Commissioner will automatically consider him disabled, without

considering vocational factors such as age, education, and work experience.

4. If the impairment is not "listed" in the regulations, the Commissioner then asks whether, despite the claimant's severe impairment, he or she has residual functional capacity to perform his or her past work.

5. If the claimant is unable to perform his or her past work, the Commissioner then determines whether there is other work which the claimant could perform.

*See Rolon v. Commissioner of Soc. Sec*., 994 F. Supp. 2d 496, 503 (S.D.N.Y. 2014); *see also* 20 C.F.R. §§ 404.1520(a)(4)(i)–(v), 416.920(a)(4)(i)–(v).

The claimant bears the burden of proof as to the first four steps; the burden shifts to the Commissioner at step five. *See Green-Younger v. Barnhart*, 335 F.3d 99, 106 (2d Cir. 2003). At step five, the Commissioner determines whether the claimant can perform work that exists in significant numbers in the national economy. *See Butts v. Barnhart*, 416 F.3d 101, 103 (2d Cir. 2005); 20 C.F.R. § 404.1560(c)(2).

## III. DISCUSSION

Plaintiff argues that the ALJ's decision is not supported by substantial evidence and is inconsistent with applicable law. For the following reasons, the Court finds a remand is required.

First, the ALJ erred by concluding that Plaintiff retained the RFC to perform a range of light work without obtaining a functional assessment from a treating provider.

The ALJ relied heavily on a consultative examination performed by Dr. Michael Healy in September of 2023. (T at 20). Dr. Healy opined that Plaintiff had moderate limitation with respect to sitting, standing, walking, handling, lifting, and climbing stairs. (T at 844-45).

Although courts in this Circuit have found that moderate limitations are not *per se* inconsistent with the ability to perform light work, *see, e.g., Jordan v. Comm'r of Soc. Sec*., No. 16-CV-9634 (KHP), 2018 WL 1388527, at *10 (S.D.N.Y. Mar. 19, 2018), ALJs must exercise caution when concluding that a claimant can meet the demanding physical requirements of light work, particularly where (as here), the ALJ did not obtain an opinion from a treating provider and did not perform a function-by-function assessment. *See O'Connor v. Berryhill*, No. CV-164395-ADS-GRB, 2018 WL 6161350, at *12 (E.D.N.Y. Aug. 30, 2018), *report and recommendation adopted*, 2018 WL 4853051 (E.D.N.Y. Sept. 28, 2018)(ALJ could not rely on undefined assessment of "mild to moderate" limitation to support conclusion that claimant could perform light work); *see also Malone v. Comm'r of Soc. Sec.,* No. 08–CV–1249 GLS/VEB, 2011 WL 817448m, at

*10 (N.D.N.Y. Jan.18, 2011) ("At a minimum, an assessment of moderate limitation suggests a possibility that prolonged standing might pose a problem."); *Carroll v. Colvin*, No. 13-CV-456S, 2014 WL 2945797, at *4 (W.D.N.Y. June 30, 2014)("Dr. Balderman's report is not the clean bill of health that the ALJ suggests it is. Indeed, even Dr. Balderman, whose opinion received greater weight, found that Carroll suffered from moderate limitations in prolonged sitting and standing. This is not necessarily compatible with an ability to perform light work, as defined by the regulations.").

The ALJ also relied on the opinions of Dr. D. Miller and Dr. A. Auerbach, non-examining State Agency review physicians, who concluded that Plaintiff retained the RFC to perform a reduced range of light work. (T at 19-20, 60-61, 68-69).

Notably, however, those opinions were rendered in September of 2023 and June of 2024, respectively, and the physicians thus did not have the benefit of the complete record. *See Shawn H. v. Comm'r of Soc. Sec.*, No. 2:19-CV-113, 2020 WL 3969879, at *8 (D. Vt. July 14, 2020)("Naturally, if nonexamining agency consultants have reviewed only part of the record, their opinions 'cannot provide substantial evidence to support the ALJ's

[RFC] assessment if later evidence supports the claimant's limitations.'")(citations omitted).

The Commissioner defends the ALJ's decision by referencing the ALJ's lay reading of the record, including the treatment notes and imaging studies.

Dr. John Olsewski, a treating orthopedist, however, described Plaintiff as "quite symptomatic" and "strongly recommended surgical intervention …." (T at 624).

Under these circumstances, it was error for the ALJ to assess Plaintiff's ability to meet the physical demands of basic work activity without seeking a functional assessment from a treating provider. *See Robins v. Astrue*, No. CV-10-3281 FB, 2011 WL 2446371, at *4 (E.D.N.Y. June 15, 2011)("It is not sufficient for the ALJ simply to secure raw data from the treating physician. What is valuable about the perspective of the treating physician—what distinguishes him from the examining physician and from the ALJ—is his opportunity to develop an informed *opinion* as to the … status of a patient.")(quoting *Peed v. Sullivan*, 778 F. Supp 1241, 1246 (E.D.N.Y.1991)(emphasis original).

Moreover, the ALJ was obliged to be particularly cautious in relying on “normal” examination findings given Plaintiff’s fibromyalgia, which the ALJ recognized as a severe impairment. (T at 13).

As the Second Circuit has recognized, fibromyalgia is a “disease that eludes [objective] measurement.” *Green-Younger v. Barnhart*, 335 F.3d 99, 108 (2d Cir. 2003). Fibromyalgia’s “cause or causes are unknown, there is no cure, and, of greatest importance to disability law, its symptoms are entirely subjective. There are no laboratory tests for the presence or severity of fibromyalgia.” C*abibi v. Colvin*, 50 F. Supp. 3d 213, 233 (E.D.N.Y. 2014) (quoting *Sarchet v. Chater*, 78 F.3d 305, 306 (7th Cir. 1996)). “[I]n stark contrast to the unremitting pain of which [fibromyalgia] patients complain, physical examinations will usually yield normal results—a full range of motion, no joint swelling, as well as normal muscle strength and neurological reactions.” *Lisa v. Sec'y of Dep't of Health & Human Servs*., 940 F.2d 40, 45 (2d Cir. 1991) (quoting *Preston v. Sec’y of Health & Human Servs*., 854 F.2d 815, 817–18 (6th Cir. 1988)).

Lastly, the ALJ should have afforded Plaintiff’s subjective complaints of disabling pain and limitation (T at 44-50) enhanced credibility due to her excellent work history, including 20 years as a New York City police officer. (T at 164, 169-71, 176, 179). *See Rivera v. Schweiker*, 717 F.2d 719, 725

(2d Cir. 1983)("A claimant with a good work record is entitled to substantial credibility when claiming an inability to work because of a disability."); *see also Hughes v. Colvin*, No. 15-CV-181S, 2017 WL 1088259, at *6 (W.D.N.Y. Mar. 23, 2017)(noting that "a claimant with an established history of employment is unlikely to be 'feigning disability'")(citation omitted)(collecting cases).

"Sentence four of Section 405 (g) provides district courts with the authority to affirm, reverse, or modify a decision of the Commissioner 'with or without remanding the case for a rehearing.'" *Butts v. Barnhart*, 388 F.3d 377, 385 (2d Cir. 2002) (quoting 42 U.S.C. § 405 (g)). Remand for further administrative proceedings is the appropriate remedy "[w]here there are gaps in the administrative record or the ALJ has applied an improper legal standard." *Rosa v. Callahan*, 168 F.3d 72, 82-83 (2d Cir. 1999); *see also Rhone v. Colvin*, No. 13-CV-5766 (CM)(RLE), 2014 U.S. Dist. LEXIS 180514, at *28 (S.D.N.Y. Nov. 6, 2014).

The Court finds a remand is required for further development of the record and additional administrative proceedings.

## IV. CONCLUSION

For the foregoing reasons, Plaintiff's Motion for Judgment on the Pleadings (Docket No. 8) is GRANTED and this case is remanded for further administrative proceedings consistent with this Decision and Order. The Clerk is directed to enter final judgment in favor of the Plaintiff and then close the file.

Dated: November 3, 2026

s/ Gary R. Jones
GARY R. JONES
United States Magistrate Judge